UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CORNELIA O. BARNES,
    Plaintiff,

v.

FRANK WILLIAMS, *et al.,*
    Defendants.

Case No. 5:25-cv-139-CLM

## MEMORANDUM OPINION

Last year, Plaintiff Cornelia Barnes tried to buy a car from Defendant RML Huntsville, AL LLC and its "owner," Defendant Frank Williams (collectively, "Defendants"). After Barnes was denied credit, she asked Defendants for an adverse action notice, a statement detailing the specific denials for her credit request, and other credit related documents. Defendants failed to provide Barnes with the information she requested, so she sued. Defendants now seek dismissal, arguing that Barnes failed to state a claim under Rule 12(b)(6) (doc. 8). For the reasons below, the court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

Because Barnes is defending against a motion to dismiss, the court takes her pleaded facts as true. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020).

### A.    Factual Allegations

In October 2024, Barnes applied to buy a Jeep from RML Huntsville. Her right to credit was denied. Following that denial, RML Huntsville's "owner," Frank Williams, contacted Barnes and told her the dealer would continue efforts to "get [her] credit application approved."

(Doc. 1, p. 6). Around a month later, an RML Huntsville salesperson told Barnes to apply again. And once again, Barnes was denied credit.

Based on the credit denials, Barnes began making "repeated requests" to RML Huntsville, Williams, and the salesperson for an adverse action notice, copies of the credit applications, and other credit related disclosures. (*Id.*) Defendants did not provide Barnes with the information she requested, so Barnes filed this lawsuit.

**B.     Barnes' Claims and Defendants' Motion to Dismiss**

Barnes brings three claims, which the court outlines below:

- **Count I: Violation of Consumer Rights under the TILA**. Barnes claims that, after she was denied credit, she invoked her rights under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* (the "TILA"), and requested an adverse action notice and a "statement detailing the specific reasons for the denial per the adverse action letter." (*Id.*) She argues Defendants violated the TILA by refusing to provide the documentation she requested.
- **Count II: Failure to Provide Credit Information and Ignoring Requests for Documentation**. Barnes contends that, after her second application was denied in November 2024, she made requests to RML Huntsville, Williams, and the salesperson for "copies of the credit reports" pulled during her two applications and "copies of the applications themselves." Barnes says Defendants ignored her requests, "further violating [her] rights to transparency and access to [her] personal financial information." (*Id.*)
- **Count III: Refusal to Provide Buyer's Order and Website Issues with Application Submission**. Finally, Barnes argues that Defendants failed to provide her a buyer's order and "there was no option to download" her application from RML Huntsville's website once Barnes submitted it. (*Id.*) She claims "this lack of access to critical information" further violated her consumer rights. (*Id.*)

2

In their motion to dismiss, Defendants argue that Barnes' claims fail because (1) the TILA does not impose obligations on automobile dealers to provide the credit related disclosures Barnes seeks, (2) Barnes does not identify any other legal theory or cause of action to justify her claims for the requested credit related disclosures, and (3) Williams cannot be held individually liable.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). And because Barnes is proceeding pro se, the court must construe her complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed pro se is 'to be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'").

## DISCUSSION

As discussed above, Defendants contend that Barnes failed to allege any TILA violation or other legal basis for her claimed relief. The court agrees.

### I.  Count I: Barnes' TILA Claim

Barnes first claims that RML Huntsville violated the TILA by refusing to provide her an adverse action notice and a "statement detailing the specific reasons" why her right to credit was denied. In response, Defendants argue that the TILA does not impose a duty on automobile dealers to provide adverse action notices when credit is

3

denied, nor does it strap them with other credit related disclosure duties because they are not "creditors." (*See* doc. 8, p. 4). Defendants are right.

Congress passed the TILA, in relevant part, "to assure meaningful disclosure of credit terms so that [a] consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. As such, the TILA typically requires "creditors" to disclose certain terms in an agreement for credit, including: (1) the identity of the creditor, (2) the amount financed, and (3) the annual percentage rate. *See Baez v. Potamkin Hyundai, Inc.*, 2011 WL 13174894, at *4 (S.D. Fla. 2011) (citing 12 C.F.R. § 226.17(a)(1)). Barnes does not cite, nor is the court aware of, any provision in the TILA that would require Defendants to provide her with an adverse action notice or a "statement detailing the specific reasons" for the denial of credit.

Moreover, Barnes does not adequately allege that RML Huntsville or Williams qualify as "creditors" under the TILA. As discussed above, the TILA requires "creditors" to disclose certain information in a credit agreement. The TILA defines a "creditor" as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debit arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). Barnes does not allege she owed a debt to Defendants, nor does she allege she entered into a credit agreement with Defendants.

Because Barnes failed to allege that Defendants are "creditors" under the TILA, and the TILA does not require Defendants to provide the information she sought, Barnes fails to state a claim for relief under the TILA.

## II.     Counts II and III: Barnes' Claim for Credit-Related Information and Her Applications

Barnes claims in Count II that, after she applied for credit twice, she "made repeated requests" to Defendants for copies of the credit reports pulled and "copies of the applications themselves." (Doc. 1, p. 6). She says Defendants ignored her requests, "further violating [her] rights to transparency and access to [her] personal financial information[.]" (*Id.*) Barnes makes a similar assertion in Count III, contending the Defendants' refusal to provide her with a buyer's order or option to download her credit application "further violate[d] [her] consumer rights and prevent[ed] [her] from reviewing and understanding the terms of the application[.]" (*Id.*)

Counts II and III suffer from the same problems: Barnes does not allege how Defendants' refusal to provide her with the requested information violated a rule or statute nor does she cite a rule or statute that Defendants' actions may have violated. Instead, Barnes makes vague and conclusory allegations that Defendants "violated her right to transparency" and her "consumer rights." (*Id.*) While the court must construe Barnes' complaint liberally given her pro se status, it cannot ignore Rule 12(b)(6)'s requirements. *See Albra v. Advan., Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules."). Barnes has not sufficiently alleged a cause of action that would entitle her to relief, so the court must dismiss Counts II and III.

5

## CONCLUSION

For the reasons above, the court agrees with Defendants that Barnes fails to state a claim under Rule 12(b)(6). So the court **DISMISSES WITHOUT PREJUDICE** Counts I-III. Because Barnes might be able to plead a viable claim, the court gives Barnes one chance to replead her claims. Should she choose to replead, her amended complaint is due on or before **January 9, 2026**.

**DONE** and **ORDERED** on December 12, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE