FILED

2026 Jun-30  AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CORNELIA O. BARNES,**<br>    Plaintiff,<br><br>**v.**<br><br>**FRANK WILLIAMS,** *et al.,*<br>    Defendants. | **Case No. 5:25-cv-139-CLM** |

## MEMORANDUM OPINION

Pro se Plaintiff Cornelia Barnes sues Defendants Frank Williams and RML Huntsville AL LLC (collectively, "Defendants") for failing to give her credit-related documents after she tried to buy a car. On December 12, 2025, the court granted Defendants' motion to dismiss Barnes' original complaint because Barnes failed to state a claim. (*See* docs. 18, 19). But the court gave Barnes one chance to replead her claims. Barnes did so. Defendants now move to dismiss Barnes' amended complaint. (Doc. 21).

For the reasons below, the court **GRANTS** Defendants' motion, and **DISMISSES** Barnes' amended complaint **WITHOUT PREJUDICE**.

## BACKGROUND

Just as before, Barnes is defending against a motion to dismiss, so the court takes her pleaded facts as true. *See Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020).

### A.     Factual Allegations

In October 2024, Barnes applied for consumer credit at RML Huntsville so she could buy a car. When she applied, "RML Huntsville obtained [Barnes'] personal and financial information and evaluated her creditworthiness." (Doc. 20, p. 2). Barnes' application was denied. Later, Williams "personally contacted [Barnes] and advised her that the

dealership would continue attempting to obtain credit approval." (*Id.*). The next month, Defendants instructed Barnes to apply for credit again. Barnes did so. And once again, she was denied credit.

After each denial, Barnes made "repeated requests" to Defendants for: (1) a written adverse action notice; (2) the specific reasons for the denial of credit; (3) identification of the entity or entities involved in the credit decision; and (4) copies of any consumer reports used in connection with the denials. (*See id.*). Defendants failed to provide Barnes with the information she requested.

## B.   Procedural History and Barnes' Amended Complaint

Barnes filed her original complaint on January 1, 2025, and claimed that Defendants violated the Truth-in-Lending Act, 15 U.S.C. § 1601, and Barnes' rights to receive credit related documents. Defendants moved to dismiss, arguing that Barnes failed to state a plausible claim for relief. The court agreed with Defendants, dismissed Barnes' original complaint without prejudice, and gave Barnes one chance to replead. (*See* docs. 18, 19).

Barnes chose to replead. Now, she brings two claims:

- **Count 1: Violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)**. Barnes contends that Defendants violated the ECOA by failing to provide her with a written adverse action notice after she was denied credit.
- **Count 2: Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681m(a)**. Barnes claims that Defendants took an adverse action against her based on information contained in her consumer credit report and failed to provide her with her credit related documents, as required by the FCRA.

Barnes seeks to hold both RML Huntsville and Williams liable for her claims. Defendants now move to dismiss Barnes' amended complaint. (Doc. 21). In response to Defendants' motion, Barnes admitted that the FCRA does not provide a private right of action, so she abandoned her

claim in Count 2. (*See* doc. 23, p. 2). As a result, the court **GRANTS** Defendants' motion to dismiss Count 2. That leaves Barnes with her ECOA claim in Count 1.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). And because Barnes is proceeding pro se, the court must construe her complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed pro se is 'to be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'")).

## DISCUSSION

As discussed above, Barnes abandoned her claim in Count 2, so the court need only analyze Defendants' motion to dismiss Count 1. But Defendants also urge the court to enter a show cause order because Barnes cites fabricated legal authority in her amended complaint. The court starts with Count 1 and then discusses Barnes' cited legal authority.

## A.   Count 1: Violation of the ECOA

In Count 1, Barnes claims that Defendants violated § 1691(d) of the ECOA when they failed to provide her with a written adverse action notice after she was denied credit. *See* 15 U.S.C. § 1691(d)(2) (stating that an "applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor"). Defendants contend that (1) Barnes lacks standing to bring the claim because she has not shown a concrete injury, (2) Williams can't be sued under the ECOA

because he isn't a "creditor," and (3) Barnes' complaint exemplifies a shotgun pleading. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," so that's where the court starts. *See Diamaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

To establish Article III standing, Barnes must show, among other things, that she "suffered concrete injury in fact." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). Certain tangible harms, like physical injuries and monetary harms, readily qualify as concrete. *See id.* But "[v]arious intangible harms can also be concrete." *Id.* These intangible harms include things like reputational injury and mental anguish. *See id.*; *see also Davis v. Pro. Parking Mgmt. Corp.*, 2023 WL 45242690, at *3 (11th Cir. July 14, 2023). Still, the Supreme Court has made clear that an "asserted informational injury that causes no adverse effects cannot satisfy Article III." *TransUnion*, 594 U.S. at 442; *see also Spokeo v. Robinson*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Barnes lacks standing to bring her ECOA claim because she fails to allege in her amended complaint how Defendants' failure to provide her with a written adverse action notice caused her a concrete injury, much less facts that would ultimately prove an injury. Barnes instead cites the Eleventh Circuit's decision in *Church v. Accretive Health, Inc.*, 654 Fed. App'x 990 (11th Cir. 2016) to argue that "[t]he denial of statutorily required information constitutes concrete injury." (*See* doc. 20, p. 3). But the Eleventh Circuit recognized in *Davis* that *Church* is "an unpublished case that directly conflicts with, and is therefore abrogated by, the Supreme Court's later decision in *TransUnion*." 2023 WL 4542690, at *3. So *Church* doesn't offer Barnes the injury needed to sustain her ECOA claim. And since Barnes fails to otherwise identify her injury, she lacks standing to bring her ECOA claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.").

Because Barnes lacks standing to bring her ECOA claim in Count 1, the court **GRANTS** Defendants' motion to dismiss. This dismissal is **WITHOUT PREJUDICE** because "a dismissal for lack of standing is equivalent to a dismissal for lack of subject matter jurisdiction." *See Davis*, 2023 WL 4542690, at *3 (citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)). But the court does *not* give Barnes leave to amend her complaint because she has amended it once before.

## B.    Barnes' Legal Authority / Generative AI

Having resolved Defendants' substantive arguments for dismissal, the court must now broach a familiar topic in recent days: fabricated and mispresented legal authority. In their motion to dismiss, Defendants point out that Barnes' amended complaint appears to include three case citations that are misleading or outright fake. The court summarizes Barnes' citations and Defendants' contentions below:

- On page three of Barnes' amended complaint, she cites *Rogers v. Wells Fargo Bank, N.A.*, 2017 WL 1076331, at *3 (N.D. Ala. Mar. 21, 2017), to allege "[c]ourts within the Eleventh Circuit recognize that a claim under 15 U.S.C. § 1691(d) may be based solely on a creditor's failure to provide a complaint adverse action notice, without any requirement to plead discriminatory intent." (*See* doc. 20, p. 3). Defendants say *Rogers* does not exist.

- Also on page three, Barnes cites *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) to assert that "[a]utomobile dealers who deny credit based on consumer reports are subject to § 1681m(a)." (*See* doc. 20, p. 3). Defendants contend that *Burr* doesn't involve a car dealer and Barnes' pin cite does not support her allegation.

- Barnes cites *Miller v. Countrywide Bank, N.A.*, 571 F. Supp. 2d 251 (D. Mass. 2008) on page four of her amended complaint to allege that "[a]n individual who personally participates in conduct that violates ECOA or FCRA may be held individually liable." (*See* doc.

20, p. 4). Defendants say *Miller* has nothing to do with personal liability.

The court has reviewed Barnes' amended complaint and researched her cited cases. Like Defendants, the court has been unable to locate *Rogers*. The court also agrees with Defendants that, as cited, neither *Burr* nor *Miller* support Barnes' allegations. So either Barnes misrepresented the legal authority herself or (more likely) a generative AI platform fabricated the authority for her.

Defendants urge the court to enter a show cause order requiring Barnes to explain the source of, and her reliance on, her cited legal authority. But given Barnes' pro se status and the court's decision to dismiss her case for lack of jurisdiction over the only remaining count, the court declines to do so. That said, the court warns Barnes that the use of misrepresented or fabricated legal authority in any future case is a sanctionable offense—lawyer or not.

## CONCLUSION

For the reasons above, the court **GRANTS** Defendants' motion to dismiss Barnes' amended complaint and **DISMISSES** Barnes' claims **WITHOUT PREJUDICE**. (Doc. 21). Because Barnes has already amended her complaint, the court does not grant Barnes leave to amend. The court will enter a separate order carrying out its ruling and closing this case.

The court **DIRECTS** the Clerk of Court to send a copy of this order to Barnes at her address of record.

**DONE** and **ORDERED** on June 30, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

6